NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM O. WAGONER,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3006

---

Petition for review of the Merit Systems Protection Board in No. CH0831110115-B-1.

---

Decided: April 8, 2013

---

WILLIAM O. WAGONER, of Pittsboro, Indiana, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director and DEBORAH A. BYNUM, Assistant Director.

---

Before DYK, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

William O. Wagoner appeals the final decision of the Merit Systems Protection Board ("Board"), which affirmed the Office of Personnel Management's ("OPM") finding that Mr. Wagoner was not eligible for retirement benefits under the Civil Service Retirement System ("CSRS"), and ordered him to repay the annuities he improperly received. Mr. Wagoner argues on appeal that he was denied due process because the Board refused to allow him to present evidence or obtain discovery regarding his removal from the United States Postal Service ("USPS"). Because we agree with OPM that the grounds for Mr. Wagoner's removal from the USPS are not within the scope of this case, we *affirm*.

## BACKGROUND

Mr. Wagoner worked as a Mail Processing Clerk, Level 6, for the USPS in Indianapolis, Indiana. In 2007, Wagoner had been involved in several incidents with law enforcement personnel leading up to his arrest, including an incident in which police arrested Mr. Wagoner for public intoxication and discovered drug paraphernalia on his person. As a result, the USPS informed Mr. Wagoner on June 25, 2008 that it was removing him for cause from his position, effective July 3, 2008. Mr. Wagoner appealed his removal to the Board.

While Mr. Wagoner's appeal was pending, the USPS first moved to dismiss the appeal as untimely, then moved to dismiss the appeal without prejudice because the criminal charges arising from the same conduct for which he was removed were unresolved. The administrative judge granted the motion to dismiss without prejudice, and directed Mr. Wagoner to re-file his appeal within 30 days of the resolution of the criminal charges, or by July 1, 2009, even if the criminal matter was not yet resolved.

Mr. Wagoner entered a plea of guilty on March 23, 2009, and the criminal proceedings ended. Accordingly, Mr. Wagoner had until April 22, 2009 to re-file his appeal. He did not. Mr. Wagoner did, however, re-file his appeal almost two months later, on June 13, 2009.

Mr. Wagoner explained that he was tardy in re-filing his claim because his spouse was severely ill and her treatment was both costly and time-consuming. The administrative judge rejected Mr. Wagoner's explanation for his late-filed appeal, finding that general references to his spouse's medical difficulties were not sufficient to justify the delay. The administrative judge found that Mr. Wagoner did not explain how his spouse's condition or his responsibilities as her care-giver caused the delay in the re-filing of his appeal. The administrative judge also noted that the record reflected that Mr. Wagoner apparently waited to re-file his appeal until after he lost a grievance objecting to his removal. The administrative judge explained that waiting for completion of the grievance before re-filing his appeal with the Board does not excuse his untimely filing. Mr. Wagoner did not appeal the dismissal of his claim, and his removal from the USPS was effective as of May 21, 2009.

Meanwhile, on April 9, 2009, the USPS sent Mr. Wagoner a Voluntary Early Retirement ("VER") offer package. The USPS informed Mr. Wagoner that, if he chose to take early retirement, his decision would become irrevocable on June 19, 2009. Mr. Wagoner signed and returned the acknowledgement form indicating that he accepted VER, it was approved, and Mr. Wagoner began to receive retirement annuity benefits shortly thereafter.

Over a year later, in July 2010, OPM informed Mr. Wagoner that he was actually ineligible for retirement benefits. While Mr. Wagoner met the service requirement with 36 years of federal service, he was only 54 years old on the date of his separation from the USPS, rather than

55, as required for immediate CSRS retirement under 5 U.S.C. § 8336(a). And, though he met the age and service requirements for Discontinued Service Retirement ("DSR") under 5 U.S.C. § 8336(d)(1), because he was removed from his position for misconduct, he did not qualify for that either. As such, OPM advised Mr. Wagoner that, over the past year, he had received $24,747 in annuity payments he was not entitled to keep. After a reduction of $65.70 for paid federal income taxes, OPM demanded that Mr. Wagoner repay the remaining $24,681.30 in annuities.

Mr. Wagoner asked OPM to reconsider its initial decision. OPM explained that, because Mr. Wagoner was removed from the USPS for misconduct, he was not eligible for early retirement. And, because OPM did not terminate his annuity until May 2010[1], he had received an annuity overpayment he was now required to repay. OPM recognized that Mr. Wagoner was not at fault for the overpayments, but found that, because he failed to demonstrate that recovery of the overpayment would not be against equity and good conscience, Mr. Wagoner was required to repay the full amount.

Mr. Wagoner appealed OPM's decision to the Board, and an administrative judge affirmed on October 3, 2011. Mr. Wagoner argued that, because OPM (and the USPS) approved his request for retirement, that OPM was estopped from revoking the benefits he had already received. The administrative judge rejected Mr. Wagoner's argument. Mr. Wagoner did not challenge OPM's calculation of overpayment, or contend he was entitled to

---

[1]    The OPM decision states that Mr. Wagoner's annuity was terminated on May 2009, but this appears to be a typo. Other documents reflect the correct date as May 2010.

waive the repayment obligation. Mr. Wagoner then requested consideration by the full Board.

On July 10, 2010, the Board affirmed the administrative judge's decision. The Board first affirmed the administrative judge's decision that Mr. Wagoner was not entitled to retirement benefits because he was removed from his position for misconduct. The Board also rejected Mr. Wagoner's argument that his annuity was irrevocable. The Board recognized that, while Mr. Wagoner's own election was irrevocable, OPM is not similarly bound, and is only obligated to provide annuities to persons who meet the statutory requirements for them. The Board last affirmed the administrative judge's decision to exclude evidence related to the grounds for Mr. Wagoner's removal. The Board found that, because the reasons for Mr. Wagoner's removal were not within the scope of his current appeal, any witnesses and discovery requests related to the removal properly were denied by the administrative judge.

Mr. Wagoner now appeals the Board's final decision affirming OPM's decisions that he was not eligible for retirement benefits and was required to repay $24,681.30 in annuity benefits. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### STANDARD OF REVIEW

The scope of our review in an appeal from a decision of the Board is limited. In general, we can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*,

305 U.S. 197, 229 (1938). Mr. Wagoner has the burden of proving that he is entitled to retirement benefits. *Carreon v. Office of Pers. Mgmt.*, 321 F.3d 1128, 1130 (Fed. Cir. 2003).

We begin with Mr. Wagoner's main contention: that the Board erred and deprived him of due process rights by not allowing him to present evidence and serve discovery requests regarding his dismissal from the USPS. Despite Mr. Wagoner's protestations, the grounds for his removal are not within the scope of this case. Mr. Wagoner twice appealed the USPS's decision to remove him from his position, first in 2008, and again in 2009. The Board dismissed his first appeal in 2008 without prejudice to re-filing when his related criminal proceedings were completed. The Board dismissed his second, re-filed appeal, as untimely. Mr. Wagoner did not appeal the Board's dismissals of his claim of wrongful removal. The current case relates only to OPM's decisions regarding Mr. Wagoner's eligibility for retirement benefits. Because Mr. Wagoner did not further appeal the Board's dismissal of his removal in the earlier filed case, the Board was entitled to rely on Mr. Wagoner's removal for misconduct as an established fact in the current case. As such, the Board properly did not consider evidence relating to the propriety of Mr. Wagoner's removal because it was beyond the scope of this case.

We now briefly turn to the substantive merits of Mr. Wagoner's current appeal. Section 8336 of Title 5 provides the conditions under which a civil servant may be entitled to an annuity in the CSRS. Two provisions are important to Mr. Wagoner's appeal: (1) 5 U.S.C. § 8336(a), which provides that an employee is entitled to an immediate retirement under CSRS so long as he or she is at least 55 years of age and has completed 30 years of creditable federal service; and (2) 5 U.S.C. § 8336(d), which provides that an employee is entitled to an annuity if the employee is separated from service involuntarily, but not

removed for cause for misconduct, and is at least 50 years of age and has completed 25 years of creditable federal service. OPM established that Mr. Wagoner was not eligible for CSRS retirement benefits under either provision. Because he was under 55 years of age at the time of his separation he was not eligible under § 8336(a). Mr. Wagoner was also removed for cause on charges of misconduct and was, thus, not eligible under § 8336(d). As such, OPM and the Board properly determined that Mr. Wagoner was not eligible for CSRS retirement benefits. Mr. Wagoner does not claim that the Board applied the wrong law or that the Board misstated his age or the grounds for his removal. Instead, Mr. Wagoner contends that his retirement benefits could not be revoked because the USPS and OPM had approved his request for VER. We find, however, that the Board correctly rejected that assertion. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990) ("no money can be paid out of the Treasury unless it has been appropriated by an act of Congress.") (quoting *Cincinnati Soap Co. v. United States*, 301 U.S. 308, 321 (1937)).

OPM also established with substantial evidence that Mr. Wagoner had received an overpayment of retirement annuities in the amount of $24,681.30 because he was not eligible for benefits under the CSRS. Mr. Wagoner did not, and has not, challenged OPM's calculation of the overpayment, nor has he argued that the collection of the overpaid benefits would be against equity and good conscience under 5 U.S.C. § 8346(b). Mr. Wagoner's only assertion is that he was denied due process because he was denied the ability to present evidence and conduct discovery regarding the propriety of his removal from the USPS. As previously stated, however, the propriety of Mr. Wagoner's removal from the USPS is not within the scope of this case, and any evidence presented relating to his removal would be irrelevant.

CONCLUSION

Because we hold that the Board did not violate Mr. Wagoner's due process rights by refusing to allow evidence beyond the scope of the case, we affirm the final order of the Board.

**AFFIRMED**