**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM O. WAGONER,<br><br>               Appellant,<br><br>          v.<br><br>UNITED STATES POSTAL SERVICE,<br>               Agency. | DOCKET NUMBERS[1]<br>CH-0752-09-0702-I-1<br>CH-0752-13-0546-I-1<br><br><br><br>DATE: October 9, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Steven Sams, Esquire, Fishers, Indiana, for the appellant.

Lana S. Johnson, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant filed a petition for review of the initial decision in his most recent removal appeal, MSPB Docket No. CH-0752-13-0546-I-1 (*Wagoner III*),

---

[1] We are joining these interrelated cases, *see* 5 U.S.C. § 7701(f)(2); 5 C.F.R. § 1201.36, because joinder will expedite the processing of these cases and will not adversely affect either party, *see As'Salaam v. U.S. Postal Service*, 85 M.S.P.R. 76, ¶ 12 (2000).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

which dismissed the appeal as untimely on the grounds that relitigation of the timeliness of the appeal was barred under the doctrine of collateral estoppel. Upon review, the Office of the Clerk of the Board notified the appellant that, because the petition included argument relating to the initial decision in MSPB Docket No. CH-0752-09-0702-I-1 (*Wagoner II*), the Board also would consider the submission as a petition for review in that case. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review in *Wagoner III*. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). For the reasons set forth below, the appellant's petition for review in *Wagoner II* is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      The agency removed the appellant for unacceptable conduct from his position as a clerk, effective July 3, 2008. *Wagoner III*, Initial Appeal File (IAF-III), Tab 11 at 17-20. The appellant filed a removal appeal with the Board in October 2008, which was dismissed without prejudice. *See* MSPB Docket No. CH-0752-09-0089-I-1 (*Wagoner I*), Initial Appeal File, Tab 19, Initial

Decision (ID-I); *see also* IAF-III, Tab 11 at 28-31. In the analysis section of the decision, the administrative judge ordered that the appellant "must refile" his appeal within 30 days from the date of the final disposition of the criminal charge related to his removal. ID-I at 2. However, in the decision section, the administrative judge stated that the appellant "may refile" his appeal within 30 days following the final criminal disposition but "must in any event refile the appeal by July 1, 2009." ID-I at 2.

¶3 On June 13, 2009, the appellant refiled his appeal of the 2008 removal, and referenced an arbitration award dated May 21, 2009, finding that he had been removed for just cause. *Wagoner II*, Initial Appeal File (IAF-II), Tab 1; *see* IAF-II, Tab 4. On October 9, 2009, the administrative judge dismissed the appeal as untimely filed. IAF-II, Tab 11, Initial Decision (ID-II). The administrative judge found that because the criminal matter concluded on March 23, 2009, when the court entered its sentence, the appellant was required to refile his appeal by April 22, 2009, and was untimely in refiling by 7½ weeks. ID-II at 2-3. The administrative judge found no good cause for waiving the time limit, noting that the record indicated that the appellant had waited to refile the appeal until after the conclusion of his grievance of the removal action and that his argument concerning his wife's medical condition was unpersuasive. ID-II at 3-5.

¶4 The appellant did not request review of that decision by the Board or the U.S. Court of Appeals for the Federal Circuit, and the decision became final on November 13, 2009. *See* ID-II at 6. Instead, more than 3½ years later, on May 23, 2013, he filed a new appeal of the 2008 removal.[3] *Wagoner III*, Initial

---

[3] In the interim, the appellant filed an appeal of the Office of Personnel Management's determination that he was ineligible for retirement benefits, and the Board affirmed the agency's decision. *Wagoner v. Office of Personnel Management*, MSPB Docket No. CH-0831-11-0115-B-1, Final Order (July 10, 2012). The Federal Circuit affirmed the final order of the Board on April 8, 2013. *Wagoner v. Office of Personnel Management*, 524 F. App'x 630, 633-34 (Fed. Cir. 2013). The court found that the Board was entitled to rely on the appellant's removal for misconduct as an established fact in the retirement case because he had not challenged the dismissal of his earlier

Appeal File (IAF-III), Tab 1 at 1-4, Tab 4. The administrative judge issued an order to show cause why the appeal should not be barred by the October 9, 2009 decision in *Wagoner II* under the doctrine of res judicata. IAF-III, Tab 2. In response, the appellant argued that res judicata could not be applied to his appeal because the case has not been litigated on the merits. IAF-III, Tab 10. The agency filed a motion to dismiss the appeal, arguing that the appellant was collaterally estopped on the issue of the timeliness of his appeal. IAF-III, Tab 11 at 4-11. The administrative judge dismissed the appeal, finding that the appellant was collaterally estopped from relitigating the issue of the timeliness of the appeal of the 2008 removal because that issue had been fully adjudicated in *Wagoner II*. IAF-III, Tab 17, Initial Decision (ID-III) at 2-3.

¶5    The Board granted the appellant's three requests for extensions of time to file a petition for review. *Wagoner III*, Petition for Review (PFR-III) File, Tabs 1-4, 6-7. In his petition for review, filed on January 21, 2014, the appellant argued that the doctrine of res judicata should not apply to the appeal because there has been no Board decision on the merits of the case, but he did not address the case law and explanation of the collateral estoppel doctrine in both the initial decision and the agency's motion to dismiss. PFR-III File, Tab 8 at 3. The appellant further argued that his June 13, 2009 appeal was timely filed because the March 2, 2009 dismissal order stated that he "may refile the appeal within [30] days" of the resolution of the criminal case. *Id*. at 3-4; ID-I at 2.

---

removal appeal (i.e., *Wagoner II*). *Id*. at 633. We note that the appellant filed the most recent appeal approximately 1 month after the court's decision. IAF-III, Tab 1. The administrative judge in *Wagoner III* clarified with the appellant that the adverse action he is appealing is the 2008 removal from employment, not the retirement eligibility determination. IAF-III, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The *Wagoner II* petition for review is untimely filed by 3½ years with no good cause shown for the delay.

¶6      The Board has considered the petition for review in *Wagoner III* as a petition for review in *Wagoner II* because the petition included argument related to the initial decision in *Wagoner II*. PFR-III File, Tab 2 at 1. The Board notified the appellant that the time limit set forth in the *Wagoner II* initial decision for filing a petition for review was November 13, 2009, and thus the January 21, 2014 petition in *Wagoner II* was untimely. *Id*. at 1-2. The acknowledgment letter instructed the appellant that the Board's regulation under 5 C.F.R. § 1201.114(g) requires that a petition for review that appears to be untimely be accompanied by a motion to accept the filing as timely and/or waive the time limit for good cause. *Id*.

¶7      To be timely, a petition for review generally must be filed within 35 days of the date of the initial decision's issuance. 5 C.F.R. § 1201.114(e).[4] The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(f). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board should consider the length of the delay in every good cause determination. *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

¶8      The appellant filed a motion to accept the petition for review as timely, arguing only that the June 13, 2009 appeal in *Wagoner II* was timely refiled under his interpretation of the dismissal without prejudice order. *Wagoner II*, Petition for Review (PFR-II) File, Tab 3 at 2. However, the appellant requested no review of the initial decision in *Wagoner II* by the Board or the U.S. Court of Appeals

---

[4] Although the Board has amended its regulations since 2009, those amendments do not affect the outcome in these appeals.

for the Federal Circuit but waited over 3½ years to file a new appeal and subsequent petition for review of the 2008 removal. Thus, we find that the petition for review was filed untimely, and the appellant has failed to show good cause for waiving the timeliness requirement.

¶9      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review in *Wagoner II*. The initial decision remains the final decision of the Board regarding the timeliness of the removal appeal in *Wagoner II*.

The *Wagoner III* appeal is barred by the doctrine of collateral estoppel.

¶10     At issue is whether the appellant is collaterally estopped, in *Wagoner III*, from relitigating the timeliness of his appeal of the 2008 removal. Collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988). The Board clarified in *McNeil v. Department of Defense* that the fourth prong requires that the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented. 100 M.S.P.R. 146, ¶ 15 (2005). The dismissal of a Board appeal on timeliness grounds can be given collateral estoppel effect if the elements of that doctrine are established. *Allen v. Office of Personnel Management*, 77 M.S.P.R. 212, 221 n.5 (1998) (final decisions in chapter 75 appeals that had been dismissed on timeliness grounds were not relitigated under the doctrine of collateral estoppel insofar as the appellants did not present different bases for a finding of good cause for the delayed filing); *see Nebblett v. Office of Personnel Management*, 73 M.S.P.R.

342, 347 & n.2 (1997) (finding that the administrative judge's dismissal of a prior appeal on the basis of untimeliness, which became the Board's final decision, was a collateral estoppel bar to a subsequent appeal of the same Office of Personnel Management reconsideration decision), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Table).

¶11    We conclude that the appellant has not shown error in the administrative judge's finding that the elements of collateral estoppel have been met in this case regarding the timeliness of the appeal of the 2008 removal. First, the issues previously adjudicated, i.e. whether the appellant had timely filed or had good cause for the untimely filing of an appeal of the 2008 removal, are materially identical to the dispositive issues in the present action. The appellant has not alleged any new or previously unavailable basis for finding good cause. *See Allen*, 77 M.S.P.R. at 221 n.5. Second, the material timeliness issues were actually litigated in the prior action. The administrative judge in *Wagoner II* found that the appellant refiled the appeal almost 3 months after the conclusion of the criminal matter, despite instructions to refile within 30 days and that the appellant made no persuasive argument of good cause to waive the timeliness requirements. ID-II at 2-5. Any appeal filed after the April 22, 2009 deadline would be untimely, and the *Wagoner III* appeal was not filed until May 23, 2013. IAF-III, Tab 1. The appellant has made no allegation of changed circumstances or new evidence suggesting good cause for the substantial delay in filing the appeal.[5] *See Allen*, 77 M.S.P.R. at 221 n.5. Third, the determination of timeliness of the appeal was necessary to the resulting judgment in the prior action, as the Board dismissed the appeal as untimely filed. Finally, the appellant was a party to the earlier action and had a full and fair opportunity to litigate the timeliness issue in the prior action. Thus, we find that all four elements of

---

[5] Although not argued by the appellant, the intervening retirement decision and adjudication do not constitute good cause for the delay in filing his appeal of the 2008 removal. *See supra* n.3.

collateral estoppel have been met in the present case, precluding the readjudication of the timeliness of an appeal of the 2008 removal.

¶12 Despite any confusion regarding the administrative judge's discussion of res judicata in the context of issue preclusion, we note that the appellant received clear notice of potential application of the doctrine of collateral estoppel from the agency's motion to dismiss and the initial decision. *See* ID-III; *see also* IAF-III, Tabs 2, 11. Furthermore, although the initial decision thoroughly explained the elements of collateral estoppel, IAF-III, Tab 17 at 2-3, the appellant's petition for review merely reargues that there had not been a decision on the merits of the 2008 removal appeal for the purposes of res judicata and that the *Wagoner II* initial appeal had been timely filed, PFR-III, Tab 8 at 3-4.

¶13 Accordingly, having reviewed the record, we find no basis to disturb the administrative judge's finding that the doctrine of collateral estoppel precludes the readjudication of the timeliness of the appeal of the appellant's 2008 removal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**
**FOR MSPB DOCKET NO. CH-0752-13-0546-I-1**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS FOR MSPB DOCKET NO. CH-0752-09-0702-I-1

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.